

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7639 | DATE | 1/3/2003 |
| CASE TITLE | Paul Knox vs. Crestwood Chief of Police et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's application to proceed in forma pauperis is denied and his complaint is dismissed with leave to amend, and his application for appointment of counsel is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 1/3/03 date docketed | |
| | Notified counsel by telephone. | | | 5 |
| ✓ | Docketing to mail notices. | | AR docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PAUL KNOX, pro se, )
)
        Plaintiff, )
)
vs. ) No. 02 C 7639
)
CRESTWOOD CHIEF OF POLICE DEPT., )
CRESTWOOD OFFICER MINNOR, )
CRESTWOOD OFFICER DARREN SHUKA, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Knox filed a complaint against officers of the Crestwood Police Department alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, arising from an arrest and subsequent detention for possession of narcotics. Along with his complaint plaintiff filed an application to proceed *in forma pauperis*, which is denied, and an application for appointment of counsel, which is also denied.

We may authorize a plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. 28 U.S.C. § 1915(a). We must also conduct an initial review of plaintiff's claim and dismiss the action if we determine that it is frivolous or malicious, it fails to state a claim upon which relief may be granted, or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). We evaluate plaintiff's claim using the same standards as we would for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).



While plaintiff failed to attach a proper application to proceed *in forma pauperis*, he did attach a sworn statement claiming that he has no significant income, has no money in any savings or checking accounts and owns no property. Based on this affidavit, we find that plaintiff has adequately demonstrated his inability to pay the court costs.

Plaintiff names three officers of the Crestwood Police Department as defendants. Reading the claim liberally, plaintiff alleges that these officers targeted him because of his race, arrested him based on the possession of heart medication, and then conspired to prevent him from taking this medicine, resulting in damage to his health.

To the extent that plaintiff's claims are based on the search and subsequent arrest, if the defendants were acting in good faith and with a reasonable belief in the validity of the search and arrest, the police officers have a valid defense to the § 1983 claims and are immune from damages, even if there was not probable cause in the constitutional sense. Boscarino v. Nelson, 518 F.2d 879, 881-82 (7th Cir. 1975). To the extent that plaintiff's claims are based on the denial of his medication, he may state a cognizable constitutional claim. There is not enough information in plaintiff's complaint, however, to allow us to make this determination.

Plaintiff alleges that his medication was seized at the time of his arrest and that subsequent requests to take his medication were denied, resulting in his hospitalization. It is unclear to us which of the defendants, if any, was responsible for denying plaintiff his medication or the reasons that they gave for these denials. Moreover, it is unclear why plaintiff was held by the police and if any charges against plaintiff were ever filed.

Plaintiff may be able to amend his complaint and file the proper forms to state a claim upon which relief may be granted. At this time he does not sufficiently allege a violation of his

constitutional rights as required by 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is denied and his complaint is dismissed with leave to amend, and his application for appointment of counsel is denied.

January 3, 2003

JAMES B. MORAN
Senior Judge, U. S. District Court